## Fox *v.* Gardner, Assignee.

Where a debtor, knowing that his creditor is insolvent, accepts a draft drawn on him by such creditor, the draft being drawn and accepted with the purpose of giving a preference, the transaction is a fraud on the Bankrupt Act, and the assignee in bankruptcy can recover from the acceptor the amount of the draft.

ERROR to the Circuit Court for the Western District of Wisconsin; the case being thus:

Fox & Howard had contracted with a railroad company to

---

* 6 Wallace, 35.

make its railroad, and on the 4th of October, 1870, employed one N. Young as a contractor (excavator) under them. By the terms of the contract with Young, Fox & Howard were to pay him, on the 15th of December, 1870, a certain sum per cubic yard of earth excavated; payments to be made as follows:

"To the laborers employed in doing said work the amount ascertained to be due to them for their services and the balance to the said Young."

Young finished his work November 24th, 1870, and being in debt to one Burrows, as also to three other persons severally, to the extent of $3692, gave to him and them drafts on Fox & Howard for different amounts, in all making that sum, payable December 15th, 1870. Fox & Howard accepted the drafts in this form:

"Accepted and promised to be paid out of *any money due N. Young*, in our hands, after payment of laborer's lien and orders previously accepted. Done this 1st day of December, at eight o'clock P.M.

"Fox & Howard."

About the same time various laborers under Young, and thus creditors of Young, also gave drafts (in all for $502), on him in favor of Burrows, who cashed or discounted them, and by Young's directions Fox & Howard charged him, Young, with the amount of the drafts as cash paid to him; they agreeing, at the same time, with Burrows, to pay to *him* the amount of the drafts, but not actually paying them.

When Young gave these different drafts he was insolvent; and on the 7th of January, 1871, a petition in bankruptcy was filed against him, on which he was, upon the same day, decreed a bankrupt.

One Gardner being appointed his assignee brought this suit in the court below, September 12th, 1872, against Fox & Howard, to compel the payment to him of what they had owed Young, and had agreed to pay to Burrows and the others, in the manner already stated. The ground of the

suit was of course that the transactions were void under the thirty-fifth section of the Bankrupt Act, quoted *supra*, 365.

The court charged the jury that before the plaintiff could recover he was bound, under the thirty-fifth section of the act, to show: 1st. That Young was insolvent when the drafts were given. 2d. That Fox & Howard had reasonable cause to believe him insolvent. 3d. That the person or persons, in such case respectively, to whom the drafts were given, had reasonable cause to believe Young insolvent. And further, that Fox & Howard had reasonable cause to believe that the person or persons to whom they were so given had, when they took the same, reasonable cause to believe Young insolvent. But that if he satisfied the jury, by the evidence, of all these things, the acceptances of Fox & Howard were void, and did not amount to payments in the action.

Under these instructions the jury found for the assignee the amounts claimed, and Fox & Howard brought the case here on exceptions to the charge.

*Mr. R. T. Merrick (with whom was Mr. B. G. Caulfield), for the plaintiff in error:*

The court below was mistaken in its construction of the thirty-fifth section of the Bankrupt Act. That section does not authorize suits by an assignee against debtors of the bankrupt who have discharged their debts to him, or paid money to other persons for his use, within the period of four or six months specified in the act. It only authorizes suits against such creditors of the bankrupt as have fraudulently received such payments. Only the parties *benefited* by a fraudulent preference under the Bankrupt Act are liable to the assignee.

The doctrine of the District Court leads to the most disastrous consequences. For if a debtor cannot respect the orders of a man in embarrassed circumstances except at his peril, then he will necessarily precipitate the condition of insolvency and bankruptcy which a different course might

have prevented. It is believed that this doctrine is contrary to common justice and the established principles of law.

As respects Fox & Howard, the verdict and judgment below were very hard. If affirmed here those persons have to pay the same debt twice; once to Burrows and the other holders of their acceptances, and again to the assignee in bankruptcy.

*Mr. W. F. Vilas, contra.*

Mr. Justice HUNT delivered the opinion of the court.

The thirty-fifth section of the Bankrupt Act provides that a transaction like the one under consideration here " shall be void, and the assignee may recover the property or the value of it from the person so receiving it or so to be benefited."

The language of the statute authorizing the assignee " to recover the property, or the value of it, from the person so receiving it or so to be benefited," does not create a qualification or limitation of power. There is no implication that the party paying is not also liable. The words are those of caution merely, and give the assignee no power that he would not possess if they had been omitted from the statute. In the present case the property or value attempted to be transferred belonged originally to the bankrupt. On the adjudication of bankruptcy the possession and ownership of the same were transferred to the assignee.* The attempted transfer by the bankrupt was fraudulent and void. It follows logically that the debtor yet holds it for the assignee, and that the assignee may sue him for its recovery.†

Upon principle there would seem to be scarcely room for doubt upon the point before us. The pretended payment or transfer or substitution by the debtor of the bankrupt was in fraud of the act and illegal. It was a transaction expressly forbidden by the statute. The jury found that the insolvency of Young was known to Fox & Howard, and to

---

* Section 14 of the Bankrupt Act.

† See Bolander *v.* Gentry, 36 California, 105; Hanson *v.* Herrick, 100 Massachusetts, 323.

the creditors by whom the drafts were taken at the time they were taken; that they were given by the bankrupt with intent to create forbidden preferences, and that they were accepted by Fox & Howard in fraud of the act. This is a transaction expressly condemned by the statute.

It amounts simply to this: the debtor of the bankrupt seeks to protect himself against an admitted debt by pleading a payment or substitution which was in fraud of the Bankrupt Act, and, therefore, void. The proposition carries its refutation on its face. Fox & Howard were indebted to the bankrupt and can only discharge themselves by a payment or satisfaction which the law will sanction. A payment or transfer condemned by the express terms of the Bankrupt Act cannot protect them.

It is to be observed, also, that when the bankruptcy proceedings were begun Fox & Howard had never, in fact, paid to Burrows and his associates the amount of the drafts accepted by them. They had simply promised to pay them, if there should prove upon settlement of their accounts with the bankrupt to be so much money due to him. This presents them in a still less favorable condition. They owe money to the bankrupt. They are sued for it by his assignee in bankruptcy. As a defence they allege that they have made an agreement with Burrows and others, with the assent of the bankrupt, to pay the amount of the debt to them. They allege an agreement merely. This agreement has already been shown to be illegal. The assignee, representing the creditors as well as the bankrupt, is authorized to set up such illegality. The bankrupt perhaps could take no action to avoid this agreement, but his assignee has undoubted authority to do so. When the assignee sets up this illegality and sustains it by proof of the facts referred to, the whole foundation of the defence falls.

It is well settled that a debtor may pay a just debt to his creditor at any time before proceedings in bankruptcy are taken. It is also true that a valid agreement to substitute another person as creditor may be made, and may be pleaded as a discharge of the debt in the nature of payment. It is

not, however, payment in fact, and is binding only when the contract is fair and honest and binding upon the first creditor.

The right of an insolvent person before proceedings are commenced against him to pay a just debt, honestly to sell property for which a just equivalent is received, to borrow money and give a valid security therefor, are all recognized by the Bankrupt Act, and all depend upon the same principle. In each case the transaction must be honest, free from all intent to defraud or delay creditors, or to give a preference, or to impair the estate.*

If there is fraud, trickery, or intent to delay or to prefer one creditor over others, the transaction cannot stand.

It is urged that Fox & Howard are liable upon the drafts to the creditors of Young, in whose favor the acceptances were given. Should this be so it would but add another to that large class of cases in which persons endeavoring to defraud others are caught in their own devices. The law looks with no particular favor on this class of sufferers.

In the present case, however, there seems to be no such difficulty. The acceptances were a part of an illegal contract; and no action will lie upon them in favor of those making claim to them. They are guilty parties to the transaction and can maintain no action to enforce it.† The law leaves these parties where it finds them, giving aid to neither. The drafts cannot pass into the hands of *bonâ fide* holders, as by the terms of the acceptances they are to remain in the possession of Fox & Howard until they can be paid by authority of law. When Fox & Howard pay to the assignee the debt due from them to Young they will pay it to the party entitled to receive it and will have discharged their liability.

                                        JUDGMENT AFFIRMED.

---

* See Cook *v.* Tullis, 18 Wallace, 332; Tiffany *v.* Boatman's Institution, Ib. 376.

† Nellis *v.* Clark, 20 Wendell, 24; S. C., 4 Hill, 424; Randall *v.* Howard, 2 Black, 585; Kennett *v.* Chambers, 14 Howard, 38.